# Sarah A. Simmons

*v.*

# J. Perry Johnson *et al.,* Administrators, etc.

1.   New trial—*verdict suppported by the evidence.*   When the verdict is supported by the evidence, it will not be disturbed.

Appeal from the Circuit Court of Randolph county; the Hon. Silas L. Bryan, Judge, presiding.

This was an appeal to the Circuit Court of Randolph coun- ty, from the Probate Court of that county, in a citation by Sarah A. Simmons, widow of Luther Simmons, deceased, to J. Perrry Johnson and William Hartzell, administrators *de*

*bonis non*, with will annexed, of the estate of Luther Simmons, deceased.

The widow, in accepting the provisions of the will for her benefit, in consideration of one dollar, executed a release to her dower in the property, and also to the specific articles of property, or their value, to which she was entitled under the statute. She admitted the release of dower, but claimed she did not understand the release as extending to the separate property, or its value, to which she was entitled under the statute. The evidence as to the question of fraud in procuring the execution of the release, shqwed that the release was read in part to her, and that she stated she knew the contents of the release before executing it. The jury found the issues for the defendants, and the plaintiff entered a motion for a new trial, which was refused; and the plaintiff brings the cause to this court by appeal, and asks that the judgment below be reversed, upon the alleged insufficiency of the evidence to support the verdict.

Mr. William H. Underwood and Mr. James M. Rall, for the appellant.

Mr. H. K. S. O'Melveny, and Mr. Thomas G. Allen, for the appellees.

Mr. Chief Justice Breese delivered the opinion of the Court:

The question presented by this record, and argued here, was fairly submitted to the jury trying the cause, under full and proper instructions from the court, to which no exceptions were taken. The jury have found the release was fairly and freely executed by the appellant, and not the least appearance of fraud or improper influences are perceivable in the transaction. Upon her own admission, appellant well knew the nature of the instrument she was about to execute, and did execute,

and in the absence of fraud practiced upon her to induce its execution, the instrument must stand. An examination of the evidence satisfies us the jury could not have found any other verdict than they did find, and we cannot disturb it.

The judgment must be affirmed.

*Judgment affirmed.*